UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN FITCH,

        Plaintiff,

vs.                              CASE NO.:

EROSOL, LLC, A GEORGIA
LIMITED LIABILITY
COMPANY, AND LUIS
CARRERAS, INDIVIDUALLY,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RYAN FITCH, by and through the undersigned attorney, sues the Defendants, EROSOL, LLC, a Georgia Limited Liability Company, and LUIS CARRERAS, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

## GENERAL ALLEGATIONS

2. Plaintiff worked as a bartender at Defendants' club in Atlanta, Georgia, from approximately March 2014 to February 2015.

3. During his employment with Defendants, Plaintiff only received tips only and received <u>no</u> direct wage from Defendants.

4. Defendant, EROSOL, LLC, is a Georgia Limited Liability Company that operates a club called The Department Store in Atlanta, Georgia, and is therefore, within the jurisdiction of this Court. (*see* www.erosolatl.com)

5. At all times relevant to this action, LUIS CARRERAS was an individual resident of the State of Georgia, who owned and operated EROSOL, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of EROSOL, LLC.  By virtue of having regularly exercised that authority on behalf of EROSOL, LLC, LUIS CARRERAS is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from

Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, EROSOL, LLC, earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, EROSOL, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were alcoholic drinks and mixers, bar supplies, cash register machines and computers, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, EROSOL, LLC is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, Defendants failed to

comply with the FLSA by failing to pay Plaintiff <u>any</u> direct wage for his work as a bartender for Defendants.

13. During his employment Plaintiff was only paid by tips from customers.

14. Plaintiff did not receive any direct wage from Defendants for his work performed.

15. Even when Plaintiff worked overtime hours he was not paid any direct wage by Defendants for such work performed.

16. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

19. During his employment with Defendants, Plaintiff worked

comply with the FLSA by failing to pay Plaintiff <u>any</u> direct wage for his work as a bartender for Defendants.

13. During his employment Plaintiff was only paid by tips from customers.

14. Plaintiff did not receive any direct wage from Defendants for his work performed.

15. Even when Plaintiff worked overtime hours he was not paid any direct wage by Defendants for such work performed.

16. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

18. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

19. During his employment with Defendants, Plaintiff worked

overtime hours but was not paid any direct wage from Defendants whatsoever.

20. Defendants did not have a good faith basis for their decision to not pay Plaintiff any direct wage for overtime hours worked.

21. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff any overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

22. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

23. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RYAN FITCH, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-16 above.

25. Plaintiff was entitled to be paid a direct minimum wage for each hour worked during his employment with Defendants.

26. However, during his employment with Defendants, Plaintiff was not paid any direct wage from Defendants.

27. Plaintiff has demanded proper compensation for these unpaid wages via a demand letter, but Defendants have not responded to Plaintiff's Counsel's letter.

28. Defendants did not have a good faith basis for their decision to not pay Plaintiff any direct wage for his hours worked.

29. Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

30. As a direct and proximate result of Defendants' willful underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, RYAN FITCH, demands judgment against Defendants for unpaid compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 21st day of August, 2015.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:     RMorgan@forthepeople.com
*Attorneys for Plaintiff*